**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHER DISTRICT OF OHIO
WESTERN DIVISION**

David Ray Burton,   Case No. 3:14CV457

    Plaintiff

    v.   **ORDER**

Carolyn W. Covin,

    Commissioner of Social Security

    Defendant

This is a social security disability case in which, following an order of remand to the Commissioner, plaintiff has filed an application for an award of attorney's fees and costs under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d). (Doc. 22). The government has filed an opposition in which it seeks a modest reduction in hours billable at the attorney rate, disallowance of a *pro hac vice* filing fee, and limitation of the hourly rate to the statutory cap of $125. (Doc. 23).

I agree with the reduction in hours (reimbursement for those hours compensable at paralegal rate) and disallowance of the *pro hac vice* fee. The cost of becoming a member of a court's bar or, as in this case, being granted leave to appear *pro hac vice*, is a personal expense that an attorney should bear himself. Such fee, is quite literally, the price for *his* ticket to ride. That counsel chose

to pay only for a one-time trip, rather than a lifetime pass, was his choice. Either way that tariff should come from his own pocket.

I agree also that mere submission of generally applicable cost of living indices is not enough to justify payment above the cap.

I disagree, however, with the government's contention that a decrease in the cost of litigating these cases is a controlling or even significant consideration. Lower costs usually reflect advances in technology and other ways of enhancing efficiency. Their most usual impact, however, is, in all likelihood, a reduction in the time a lawyer must spend doing particular tasks.

For example: lawyers no long have to walk or drive to the courthouse to file pleadings: that job gets done with a keystroke. Overall cost is reduced, but principally because technology reduces time to do a job.

In some instances it may or may not. Few lawyers have law libraries or the expenses of space, periodical subscriptions, book (and annual supplement) purchases that a library consumed. But every lawyer has and depends on computerized legal research. What a lawyer finds in the Cloud is not as free as the air.

The point is that what it costs today to do a task or run an office is not the benchmark: what it takes in terms of time is. What matters is not whether litigating a particular case takes more or less time. What matters is how much should a lawyer receive (in these cases, on an hourly basis) to be compensated fairly for his or her work.

That's where regional cost of living matters. A lawyer in Manhattan needs to make more per hour than a lawyer in Toledo to pay for the same things. So the Commissioner is correct in stating that any attorney should show what the local "prevailing rate" is.

With regard to EAJA applications in social security cases before me, however, lawyers from our area have persuaded me that an hourly rate of $185 fairly accommodates the cost of living increase for social security attorneys in Northwest Ohio. *Draper v. Astrue*, 980 F. Supp. 2d 841, 845-46 (N.D. Ohio 2013); *see also Madrigal v. Commissioner*, 2013 WL 10099009, *1 (N.D. Ohio); *Elston v. Commissioner*, 2012 WL 12024123, *1-2 (N.D. Ohio).

That being so, and counsel's requested hourly rate being well within the zone that I've already found to be appropriate, it makes little sense to put him to the time and expense (payable by the Commissioner) of underwriting studies, retaining economists, and/or getting affidavits from local practitioners to prove that which I've already found to exist.

One issue remains: whether to accede to counsel's request the he receive the fee directly, or allow the government, before counsel receives the fee, to determine whether some portion of it must go to the government to satisfy a pre-existing debt the claimant owes to the government. *See Astrue v. Ratliff*, 586 U.S. 586 (2010).

I shall, accordingly grant the Commissioner a period of sixty days from the date of this order to make that determination. If she has not filed a notice of offset and supporting documentation within that period, the Commissioner shall cause payment to be made to counsel in compliance with this order.

**Conclusion**

It is, accordingly,

ORDERED THAT:

1. Motion of plaintiff for an award of costs and fees (Doc. 22) granted;

2. Counsel shall submit a proposed judgment order awarding fees and costs as provided herein, including his fees litigating the amount of his award; and

3. Leave granted to the Commissioner to file notice of offset within sixty days of the date of this Order; if no notice is filed within such period, the Commissioner shall cause payment to be made to plaintiff's counsel directly.

So ordered.

/s/ James G. Carr
Sr. U.S. District Judge